**Raymond H. LADD, Plaintiff,**

**v.**

**Dr. Steve J. DAVIES, et al., Defendants.**

**No. 90–3490–DES.**

United States District Court, D. Kansas.

March 12, 1993.

Raymond H. Ladd, pro se.

Martha M. Snyder, Office of Atty. Gen., Topeka, KS, for defendants Steven J. Davies, Raymond (NMI) Roberts, Mike Bellar, D.F. White, R. Martinez, (NFN) (NMI) Martin, (NFN) (NMI) Rino, (NFN) (NMI) Robinson.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Secretary of the Kansas Department of Corrections, claims his constitutional rights to due process and freedom from cruel and unusual punishment were violated during a routine search of his cell. He seeks monetary damages.

Defendants have filed an Answer in this matter which incorporates a request for dismissal (Doc. 14), and plaintiff has filed a response (Doc. 15). The court has reviewed these materials and makes the following order.

The factual background of this case is straightforward. On September 18, 1990, plaintiff's cell was searched by the institution "shakedown team" and two of the three packages of T-shirts in his possession were seized as excess property. No confiscation sheet was left, but plaintiff was advised of the removal of the shirts by a corrections officer.

Plaintiff filed a grievance regarding this seizure arguing the shirts were rightfully in his possession. The grievance was denied.

■ A review of the record persuades the court plaintiff is entitled to no relief. In the context of the general orders of institution, excessive clothing would appear most similar to contraband which can be identified as belonging to a particular department. In such cases, the property is returned to the appropriate department. (Doc. 14, Ex. 3.)

The applicable institutional order, No. 9.106 *SECURITY AND CONTROL: Searches,* in effect at the time of the search, did not require the issuance of a confiscation slip. The court finds no arguable basis for plaintiff's assertion he was denied due process by the removal of state property from his cell.

■ Next, plaintiff's assertion he was subjected to cruel and unusual punishment by the removal of the shirts is meritless. Prison conditions violate the Eighth Amendment if they cause the "unnecessary and wanton infliction of pain" grossly disproportionate to the crime underlying the inmate's incarceration or result in a deprivation of basic human needs. *Rhodes v. Chapman,* 452 U.S. 337, 346–47, 101 S.Ct. 2392, 2398–2400, 69 L.Ed.2d 59 (1981). The removal of excessive, state-issued clothing from an inmate's cell falls far short of this threshold.

■ Finally, plaintiff broadly asserts the confiscation was a retaliatory act in response to his litigation. It is beyond dispute that inmates must not be subject to retaliation or harassment for the pursuit of their legal claims. *Smith v. Maschner,* 899 F.2d 940, 947 (10th Cir.1990). However, to prevail on a claim of retaliation, plaintiff must do more than merely allege retaliatory conduct due to his exercise of a constitutionally protect right; rather, he must show that "prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson,* 778 F.2d 527, 531 (9th Cir.1985). In this case, it is apparent the confiscation was consonant with an institutional policy of conducting random searches for contraband. The clothing removed was state property, and no disciplinary action was taken against plaintiff. This scenario admits no inference of impermissible retaliation.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief denied.